Dear Mr. Sharp:
This office is in receipt of the resolution of the Board of Alderman of the Town of Walker requesting an Attorney General's opinion. As I understand the question, the Board would like to know whether the application of the fuel adjustment clause to amounts billed to gas customers for service incurred prior to the enactment of Ordinance #01-2001-02 authorizing said adjustments must be reimbursed.
Ordinance #01-2001-02 indicates that it was adopted by the Mayor and Board on January 8, 2001. The fuel adjustment clause was applied to gas customers' February 2001 bills, which included portions of their December 2000 and January 2001 fuel usage prior to the enactment of the ordinance.
LSA-R.S. 33:4160.1 et seq. grants the Town of Walker, as a municipality, the authority to own and operate a municipal gas system. As you know, there is a long standing prohibition against retroactive ratemaking for public utilities. Generally, retroactive ratemaking occurs when a utility is permitted to recover an additional charge for past losses, or when a utility is required to refund revenues collected pursuant to its lawfully established rates. South Central Bell Tel. Co.v. Louisiana Pub. Service Cmm'n, 594 So.2d 357 (La. 1992).
The Louisiana Supreme Court has held that automatic fuel adjustment clauses are not ratemaking. The Court defined a fuel adjustment clause as "a device to permit rates to adjust automatically, either up or down, in relation to fluctuations in certain, narrowly defined, operating expenses. Such clauses usually embody a formula established during a rate hearing to permit adjustment of rates in the future to reflect changes in specific operating costs, such as the wholesale cost of gas or electricity." Daily Advertiser v. Trans-La., 612 So.2d 7, 11 (La. 1993). The Court further stated that an automatic fuel adjustment clause is "a fixed rule under which future rates to be charged the public are determined. Such clauses permit fluctuations in the utility's costs to be passed through directly to its customers as cost adjustments in subsequent utility bills. These clauses thereby permit the utility to track its rates more closely to its current cost of fuel without continually having to increase or decrease rates, ameliorating the regulatory lag problem inherent in the prospective nature of rate making. Id at 22.
It is our position that the loss of revenue experienced by the Town of Walker prior to the January 8, 2001 ordinance was "regulatory lag." Regulatory lag is the loss of proper earnings claimed by a utility between the time a petition for a rate increase is filed and the rate relief actually becomes effective by administrative or judicial determination. Daily Advertiser v. Trans-La., 612 So.2d 7, 22 (La. 1993). Regulatory lag is a risk that is always on utilities absent extraordinary circumstances. Louisiana Power Light Com v. LouisianaPub. Service Cmm'n, 523 So.2d 850, 856.
Clearly, the fuel adjustment clause in Ordinance #01-2001-02 is permissible; however, it is our opinion that it is only permissible as to future gas usage incurred after the adoption of the ordinance on January 8, 2001. Therefore, we conclude that the application of the fuel adjustment clause for gas usage in December 2000 and early January 2001 was erroneous and those amounts should be reimbursed to the consumers.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KRISTI M. GARCIA ASSISTANT ATTORNEY GENERAL
Date Released: October 18, 2002